## MANN v. HAUTS.

SLANDER.—*Pleading.*—*Complaint.*—In an action for slander, a complaint that fails to allege the speaking of the slanderous words by the defendant is bad.

APPEAL from the Posey Circuit Court.

DOWNEY, J.—Hauts was the plaintiff and Mann the defendant in this case in the circuit court. The case resulted in a judgment in favor of the plaintiff, and the defendant appealed. The only question presented here is as to the sufficiency of the first paragraph of the amended complaint. That paragraph, as it appears in the transcript, is as follows: "John G. Hauts, the plaintiff in the above action, for amendment to first paragraph to said complaint, by leave of the court, complains of said defendant, John A. Mann, and says that heretofore, to wit, on the 27th of December, 1869, at the county aforesaid, a certain action was pending and undetermined before one James B. Campbell, Esq., a justice of the peace in and for said county, etc., wherein John G. Hauts, the plaintiff herein, was the plaintiff, and the said defendant, John A. Mann, and one Charles Roberts were the defendants, the said action being for the recovery by the plaintiff therein of the possession of one mare alleged to be the property of the plaintiff, and damages for the unlawful detention by said defendants of said mare from the possession of said plaintiff, alleged to have been unlawfully detained from him, as aforesaid, by the defendants, of which action the said Campbell, as such justice of the peace, then and there had jurisdiction; that on the day and year aforesaid, at, etc., before the said justice, the said action came on to be heard and tried, and was then and there heard and tried by said justice, and on the trial thereof, the said John G. Hauts, the plaintiff herein, was duly and lawfully sworn and testified as a witness in his own behalf." It is then stated that the case was decided by the justice in favor of the said plaintiff, and the defendants were adjudged to have unlawfully detained said mare from the plaintiff, and that by

Mann *v.* Hauts.

reason thereof he had sustained damage to the amount of two dollars, for which sum, with costs, judgment was rendered in favor of said plaintiff against the said defendants; that afterward, on, etc., at, etc., "in a certain discourse which the said plaintiff then and there had in the presence and hearing of Milton Black, and divers other good citizens, of and concerning the said plaintiff, of and concerning the said trial, and of and concerning the testimony which had been given by said plaintiff on said trial, the false, scandalous, and malicious and defamatory words following, that is to say." Then follow certain sets of words with their accompanying innuendoes, and the paragraph concludes with an allegation that by speaking and publishing said false, malicious, and defamatory words, the defendant did then and there impute and charge, and was understood to impute and charge, that the plaintiff, in testifying as a witness, as aforesaid, on said trial, had been and was guilty of the crime of perjury, etc.

This paragraph is evidently defective. It will be seen that it alleges that it was the plaintiff who had the discourse of and concerning the plaintiff. And again it fails to allege that any words were spoken. It alleges that there was a discourse of and concerning the plaintiff, and of and concerning the trial, and of and concerning the testimony given by the plaintiff, but it fails to allege that the defendant said anything whatever.

These defects may be the result of a failure on the part of the clerk to copy the paragraph correctly. The appellee is not represented by counsel in this court, or perhaps this defect might have been discovered and avoided by having a correct transcript brought up by *certiorari.* As the record now stands, the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded.

*J. Pitcher, H. C. Pitcher, W. P. Edson,* and *M. W. Pearse,* for appellant.